IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

NICHOLAS ALEXANDER HARPER,  :
                                                                    :
      Petitioner,                            :
                                                               :
vs.                                                                :      Civil Action File No.
                                                                :      **1:08-CV-79 (WLS)**
RALPH KEMP, Warden,                    :
                                                               :
      Respondent.                           :

_____

**RECOMMENDATION**

Presently pending in this *pro se* prisoner *habeas corpus* action is respondent's motion to dismiss the petition as being untimely filed and unexhausted.

*Respondent's Motion to Dismiss (Tab 8)*

On May 12, 2003, the grand jury of Crisp County returned a true bill of indictment against Petitioner, charging him with possession of cocaine with intent to distribute (count one), theft by receiving stolen property (count two), possession of a firearm by a convicted felon (count three), and possession of a firearm during the commission of a crime (count four).  Petitioner pled guilty on November 12, 2003, to all charges, and the trial court sentenced Petitioner to ten (10) years imprisonment for count one, seven (7) years imprisonment for count two, to be served concurrently, five (5) years imprisonment for count four, to be served concurrently, and five (5) years probation for count three, to be served consecutively to count one.

Petitioner has never filed a direct appeal or a state habeas corpus action challenging his Crisp County convictions.  On or about June 4, 2008, Petitioner executed the instant petition with this

Court.  Essentially, his only ground for relief is for the Department of Corrections to give him credit for the several months he was incarcerated prior to entering his guilty plea. Respondent moves to dismiss the instant petition as untimely and/or for lack of exhaustion.

**Timeliness**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law on April 24, 1996.

Section 2244(d) of the AEDPA provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> 
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A conviction is "final" for habeas corpus review when direct review has concluded or the time for seeking further appellate review has expired.  Clay v. United States, 537 U.S. 522, 527 (2003).

Here, Petitioner pled guilty on November 12, 2003.  His conviction was "final" thirty days later on December 12, 2003, when the time for filing a notice of appeal pursuant to O.C.G.A. § 5-6-38 expired.  Petitioner therefore had one year from December 12, 2003, or until December 11, 2004, in which to seek federal habeas corpus relief, or toll the one year period of limitations

by properly filing an application for state post-conviction relief or other collateral review. 28 U.S.C. § 2244(d). Instead, petitioner waited until 2008 to pursue the instant petition, which is clearly outside the limitations period.

It is clear petitioner did not timely file the instant petition.

**Exhaustion**

Section 2254 of the AEDPA provides as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(I) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The exhaustion-of-state- remedies doctrine, codified in the federal habeas statute, 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, 'an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.' <u>Wilwording v. Swenson</u>, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971).

Petitioner did not file either a direct appeal or any kind of collateral appeal. Petitioner had and still has available state remedies in which to raise his ground in the state courts. Specifically, he has not attempted to present his claim regarding the calculation

of his sentence to the Georgia courts. Such a claim would not be cognizable in habeas corpus but would be properly raised in a mandamus action against the state official who has the duty to calculate his sentence. <u>Harper v. State Board of Pardons and Paroles et al.</u>, 260 Ga. 132, 390 S.E.2d 592 (1990) ("duty to award credit for time served lies with the Department of Corrections" and mandamus is a personal action against the official); <u>Forbes v. Ricketts</u>, 234 Ga. 316 (1975) (habeas corpus does not lie to determine computation of jail time or credit for time served).

It is clear that petitioner has failed to exhaust state remedies.

Consequently, for the reasons aforesaid, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss the petition be **GRANTED** and that petitioner's petition for writ of *habeas corpus* be **DISMISSED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 25th day of November, 2008.

>  //S Richard L. Hodge
>  RICHARD L HODGE
>  UNITED STATES MAGISTRATE JUDGE

msd